# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of Ka.S., S.S., and Ch.I., Children Alleged to be Children In Need of Services; | August 14, 2019 |
| | Court of Appeals Case No. 19A-JC-545 |
| K.S. (Mother), | Appeal from the Jackson Superior Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Bruce A. MacTavish, Judge |
| | Trial Court Cause Nos. |
| Indiana Department of Child Services, | 36D02-1805-JC-38 |
| | 36D02-1805-JC-39 |
| *Appellee-Petitioner.* | 36D02-1805-JC-40 |

**Najam, Judge.**

# Statement of the Case

K.S. ("Mother") appeals the trial court's adjudication of her three minor children, Ka.S., S.S., and Ch.I. (collectively, "the Children") as Children in Need of Services ("CHINS"). Mother raises a single issue for our review, namely, whether the trial court clearly erred when it adjudicated the Children to be CHINS after Mother had permitted Ch.I. (hereinafter, "the Child") to fondle her breasts while she masturbated.

We affirm.

# Facts and Procedural History

In May of 2018, C.I., the Child's father ("Father"), spoke with Mother on his cell phone using a video-conferencing app. During that conversation, Mother "started masturbating and asking [Father] to drop [his] custody case." Aug. 29, 2018, Tr. Vol. 2 at 9. While she was doing so, the Child "pull[ed] her shirt down, play[ed] with her nipples, [and] suck[ed] on her nipples." *Id.* The Child was about twenty-three months old and, although he had been breastfed when he was younger, had been weened "for months" prior to the phone call. *Id.*

Father recorded the phone call and surrendered the recording to the Indiana Department of Child Services ("DCS") and local law enforcement. Thereafter, DCS filed its petition alleging the Children to be CHINS. Father testified to the court at an ensuing fact-finding hearing. Jennifer Eddings, a home-based family therapist, also testified at that hearing. According to Eddings, based on Mother's alleged conduct with the Child, Mother's participation in family

therapy with Child's siblings was "necessary for [the other two children] to be able to move forward," but Mother refused to participate. *Id.* at 39. Eddings further testified that Mother's refusal to participate was "detrimental" to the Child's siblings. *Id.*

[5] Following that hearing, the court found as follows:

> 4. On May 17, 2018, [Father] recorded a video on his phone which depicted [Mother] masturbating while [the Child] played with and sucked on her nipples.
>
> * * *
>
> 8. [Eddings] has attempted to engage Mother in therapy as she believes it is necessary for her to participate. Mother has thus far refused to engage in any therapy with Ms. Eddings.

Appellant's App. Vol. 2 at 68. The court then adjudicated the Children to be CHINS. This appeal ensued.

# Discussion and Decision

[6] Mother asserts that the trial court clearly erred when it adjudicated the Children to be CHINS. As our Supreme Court has explained:

> In all CHINS proceedings, the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code. When reviewing a CHINS adjudication, we do not reweigh evidence or judge witness credibility and will reverse a determination only if the decision was clearly erroneous. A decision is clearly erroneous if the record facts do

> not support the findings or if it applies the wrong legal standard to properly found facts.

*V.B. v. Ind. Dep't of Child Servs.*, 124 N.E.3d 1201, 1208 (Ind. 2019) (citations and quotation marks omitted).

[7]    Mother asserts that "[a] single incident of inappropriate behavior in the presence of the child is not sufficient to demonstrate the child is in need of services." Appellant's Br. at 11. She further asserts that "[t]here was no evidence that [the Child] or any other child was physically or mentally harmed by Mother's actions." *Id.* at 12. And she claims that DCS failed to prove that the coercive intervention of the court was necessary.[1]

[8]    We reject Mother's arguments. First, Mother cites no case law support for her categorical statement that "[a] single incident of inappropriate behavior" cannot support a CHINS adjudication. *Id.* While this Court may have reversed adjudications based on only a single incident of certain inappropriate behaviors, not all inappropriate behaviors are equally inappropriate. *See A.M. v. Ind. Dep't of Child Servs. (In re Ad.M.)*, 103 N.E.3d 709, 714-15 (Ind. Ct. App. 2018) ("the evidence in the instant case demonstrates that there was one incident of domestic violence between Mother and Father, that Mother and the Children have since moved away from Father, and that Mother has filed for a protective

---

[1]  Insofar as Mother asserts a failure by DCS to prove other circumstances that might have resulted in the adjudications here, such as her mental health or a failure to provide food, clothing, or shelter, we need not consider such arguments.

order against him.  Accordingly, DCS has not presented sufficient evidence to show that the single incident of domestic violence seriously endangered the Children.").  Mother has not carried her burden on appeal to show that the trial court's judgment here, which is supported by the evidence, is contrary to law.

[9] We also reject Mother's argument that DCS failed to demonstrate either that the Children were harmed by Mother's actions or that the coercive intervention of the court was necessary.  Instead, we agree with DCS that "Mother's criminally inappropriate conduct with [the Child] showed that she had problems that would benefit from therapy, and Mother's refusal to do so endangered" each of the Children.  Appellee's Br. at 14.  Indeed, Mother's conduct, as demonstrated by Father's testimony to the court, directly endangered Child.  And her refusal to participate in home-based services, as demonstrated by Eddings' testimony to the court, was "detrimental" to Child's siblings.  Aug. 28, 2018, Tr. Vol. 2 at 39.  Thus, we cannot say that the undisputed evidence and the reasonable inferences therefrom demonstrate that the trial court erred when it adjudicated the Children to be CHINS.  Accordingly, we affirm the trial court's judgment.

[10] Affirmed.

Bailey, J., and May, J., concur.